# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRANCISCO GUTIERREZ (6),<br><br>Defendant. | CASE NO. 12-CR-236 - IEG<br><br>**ORDER DENYING FRANCISCO GUTIERREZ'S (6) RENEWED MOTION TO SUPPRESS FOR LACK OF NECESSITY**<br><br>[Doc. No. 975] |

Presently before the Court is Defendant Francisco Gutierrez's (6) ("Defendant") renewed motion to suppress for lack of necessity and request for a Franks hearing. [Doc. No. 975, Def.'s Mot.] The Government filed a response in opposition to Defendant's motion. [Doc. No. 1004, Govt.'s Opp.] The Court previously denied Defendant's motion to suppress on the grounds of necessity and request for a Franks hearing on December 19, 2012. [Doc. No. 857.]

## I.  Necessity

Defendant renews his motion to suppress for lack of necessity in light of receipt of segment VI of discovery, which includes the pen register applications and orders. Based upon a review of that discovery, Defendant argues that the Government failed to demonstrate necessity to wiretap target telephone 7. [Doc. No. 975-1, Def's Mot. at 9.] Defendant generally argues that the Government did not sufficiently use traditional methods, including pen registers, prior to seeking a wiretap order on target telephone 7.

The Court previously denied Defendant's motion to suppress on the grounds

that the affidavit gives sufficient factual basis to show necessity for target telephone 7 in light of the affidavit's explanations as to why other investigative techniques would not succeed in the case and the greater leeway the Government is afforded under Ninth Circuit case law in its investigative methods when it pursues a conspiracy.  [Doc. No. 857.]

As the Court found regarding Defendant's previous motion, the Court finds again, despite Defendant's arguments regarding the pen registers, that the affidavit, read in its entirety, gives sufficient factual basis to show that ordinary investigative procedures failed or would have failed in the present case.  See United States v. Spagnuolo, 549 F.2d 705, 710 (9th Cir. 1977).  The affidavit thoroughly details numerous investigative techniques and the specific reasons why they would not succeed in the present case to obtain the requisite information regarding the conspiracy.  The affidavit's explanations of why other investigative techniques would not succeed in the case generally are also applicable to Defendant.  See United States v. Baker, 589 F.2d 1008, 1013 (9th Cir. 1979).  Although the affidavit does not specifically delineate how pen registers failed or will fail with respect to Defendant, it is not required to do so.  See United States v. Rivera, 527 F.3d 891, 902 (9th Cir. 2008) ("[L]aw enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap."); Baker, 589 F.2d at 1013.  Furthermore, the Government is entitled to more leeway in its investigative methods when it pursues a conspiracy.  See United States v. McGuire, 307 F.3d 1192, 1198 (9th Cir. 2002).  Therefore, the issuing court did not abuse its "considerable discretion" in concluding that the affidavit satisfied the necessity requirement as to target telephone 7.  See id. at 1197.  Accordingly, the Court **DENIES** Defendant's renewed motion to suppress on the grounds of necessity.

**II.     Franks Hearing**

Defendant also renews his request for a Franks hearing.  At oral argument, Defendant argued that the material omission was information regarding the lack of

contact between target telephone 7 and the other target telephones, as reflected by the pen register information. Defendant argues that had the affidavit contained this information, the affidavit would have failed to fulfill the requirements of probable cause and necessity.

The Court previously rejected Defendant's request for a Franks hearing because Defendant failed to make a substantial showing on both of the required elements: (1) that the nondisclosure of the alleged omissions was intentional or reckless; (2) and that the omissions were material. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Gonzalez, Inc., 412 F.3d 1102, 1111 (9th Cir. 2005). [Doc. No. 857.]

Regarding the first element, Defendant in his renewed motion makes no argument, let alone a substantial showing, that supports a finding that the affiant intentionally or recklessly omitted facts. See United States v. Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002) ("[B]are assertion[s] fall[] short of the preponderance of the evidence that Franks requires."); United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985). For this reason alone, Defendant is not entitled to a Franks hearing. However, even assuming that Defendant can satisfy this prong, Defendant is unable to show materiality.

As the Court found regarding Defendant's previous motion, an affidavit containing the omissions would have still provided a basis for finding probable cause. Chavez-Miranda, 306 F.3d at 979. The issuing court could have found probable cause even with the additional information listed by Defendant. As detailed in the Court's prior order, the Government provided detailed information regarding the Mexican Mafia's "tax" payment system, and also gave information regarding Defendant's telephone conversations with individuals at detention facilities which the Government believes were about payments to co-defendant Sara Quintana [12CR0236-TIII-722] and about narcotics sales within the detention facility [12CR0236-TIII-721]. The Government also stated that nine text messages

were exchanged between target telephone 7, which was used by Defendant, and target telephone 2, which was used by co-defendant Cynthia Varela, who, like Quintana, had been connected with facilitating "tax" payments to co-defendant Rudy Espudo. [12CR0236-TIII-700-01; 12CR0236-TIII-728.] The omissions listed by Defendant do not impact the aforementioned facts. Therefore, because the issuing court could have found probable cause even if these omissions were included in the affidavit, they are not material. See Chavez-Miranda, 306 F.3d at 989 ("As the magistrate could have found probable cause even with mention of the [omitted fact] in the affidavit, its omission from the affidavit was not material.").

The omissions also do not impact a finding of necessity because they do not "undermine the government's ability to prove the need for the . . . wiretap[s]." Gonzalez, 412 F.3d at 1102, 1111. Even if the omissions were included in the affidavit, the issuing judge could have concluded that ordinary investigative procedures failed or would have failed in the present case. As discussed above, the affidavit need not specifically delineate how pen registers failed or will fail with respect to Defendant. See Rivera, 527 F.2d at 902.

Because Defendant showed neither that the affiant intentionally or recklessly omitted facts nor that the omissions were material, the Court **DENIES** Defendant's request for a Franks hearing.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Gutierrez's motion to renew suppression for lack of necessity and request for a Franks hearing.

**IT IS SO ORDERED.**

**DATED:** May 2, 2013

**IRMA E. GONZALEZ**
**United States District Judge**